UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUEYGER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. McDONALD, Warden,<br><br>　　　　　Respondent. | No. 2:14-cv-2944-KJM-EFB P (TEMP)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a judgment of conviction entered against him on September 19, 2012, in the Sacramento County Superior Court on charges of assault with a deadly weapon causing serious bodily injury and battery with serious bodily injury.  He seeks federal habeas relief on the grounds that the trial court violated his right to due process in ordering him physically restrained during trial and in failing to instruct the jury to disregard the fact that he was in restraints.  Upon careful consideration of the record and the applicable law, and for the reasons set forth below, petitioner's application for habeas corpus relief must be denied.

/////

/////

/////

**I. Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> After defendant Carlos Gueyger stabbed David Ellis in the neck with a knife, a jury convicted him of assault with a deadly weapon with a finding of great bodily injury (Pen.Code, §§ 245, subd. (a)(1), 12022.7 subd. (a) - count one) and battery with serious bodily injury (Pen.Code, § 243, subd. (d) - count two). Defendant was sentenced to state prison for seven years on count one and three years on count two, the latter term stayed pursuant to Penal Code section 654.
>
> On appeal, defendant contends the court prejudicially erred when it (1) ordered him restrained during trial, and (2) failed to instruct the jury, sua sponte, to disregard the fact he was in restraints. We conclude the contentions lack merit and therefore shall affirm the judgment.
>
> **FACTS**
>
> David Ellis and defendant, both of whom were homeless, hung around together and drank daily. On January 13, 2012, the two had been drinking and were at a Del Taco restaurant. Defendant showed Ellis a hunting knife he carried, and, in turn, Ellis showed defendant a dagger he carried. Defendant bought Ellis's dagger for $5. Defendant set his hunting knife on the table and walked away. Ellis took the hunting knife and put it in his sock.
>
> When defendant returned he asked Ellis if he had the hunting knife and Ellis replied that he did not. With Ellis's consent, defendant searched him and found the knife. Defendant unsheathed the knife and lunged at Ellis, calling him a thief, and stabbed him in the neck. Ellis went inside the Del Taco and called 911, and defendant left the scene. Not wanting to be labeled a "snitch," Ellis told the 911 operator he did not know who had stabbed him, but he gave the fire department personnel and police who arrived a description that matched defendant. The stabbing cut Ellis's external jugular vein, requiring surgery and three days in the hospital.
>
> Mary Trejo and Scott Rasmussen, both of whom were homeless and had several prior convictions, saw and heard Ellis and defendant arguing over the disappearance of defendant's hunting knife. Trejo saw defendant search Ellis, remove the knife from the area of Ellis's ankle, cut Ellis on the throat, and then leave the scene. Trejo never saw Ellis make an aggressive move toward defendant. Rasmussen also saw defendant remove the knife from Ellis's shoe or boot, but he claimed he did not see defendant stab Ellis because he had turned to drink his beer.

*People v. Gueyger*, No. C072520, 2014 WL 4071328, at *1 (Cal. Ct. 3 Dist., Aug. 19, 2014).

**II.  Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.*  Further, where courts of appeals have diverged in their treatment of

3

an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

(en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the

1  state court record to determine whether there was any "reasonable basis for the state court to deny
2  relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could
3  have supported, the state court's decision; and then it must ask whether it is possible fairminded
4  jurists could disagree that those arguments or theories are inconsistent with the holding in a prior
5  decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate
6  that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d
7  925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A. Shackling**

Petitioner claims in his first ground for relief that the trial court violated his right to due process by ordering him shackled during trial. ECF No. 1 at 4. He argues that he suffered prejudice from the shackles because they made him "look guilty during my trial." *Id.* In the traverse, petitioner argues that the shackles were visible to the jury throughout the trial. ECF No. 17 at 3.

On appeal, petitioner also claimed that the trial court violated his right to due process in ordering him to be physically restrained during trial. Resp't's Lodg. Doc. 5. He argued it was "fair to assume" that the jury saw petitioner's shackles and therefore knew that he was restrained throughout the trial. *Id.* at 19. In his opposition brief, respondent argued that because the record did not reflect whether the jurors saw petitioner's restraints, the appellate court could not simply "assume" that they did. Resp't's Lodg. Doc. 5A7-8. Immediately after respondent's opposition brief was filed, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Resp't's Lodg. Doc. 9. Attached to that petition was an affidavit from petitioner's trial counsel, who declared that he was "certain" the jury saw petitioner's wrist shackles. *Id.* at consecutive p. 9. Petitioner also filed a request for judicial notice, requesting that the Court of

6

Appeal take judicial notice of trial counsel's affidavit in connection with petitioner's appellate claim that the use of shackles violated his right to due process. Resp't's Lodg. Doc. 4. The Court of Appeal denied petitioner's request for judicial notice. *Id.*[2]

### 1. State Court Decision

The California Court of Appeal denied petitioner's shackling claim on appeal, reasoning as follows:

**A. Shackling**

> Defendant contends the trial court prejudicially erred when it ordered him physically restrained during trial. We disagree.
>
> Prior to the start of jury selection, the bailiff informed the court the reason defendant had been brought into court shackled was that during the morning pat-down defendant had said "he was going to go off on his attorney in court today," and that he had "thought about it all night and he couldn't control himself." The bailiff later spoke to defendant in the attorney visiting room and defendant again said "he was going to be violent with his attorney." The bailiff informed defendant that if that was the case, defendant would be "brought to court in waist chains and hands secured to his sides and leg restraints." Defendant responded, "'I appreciate that. If not, there's going to be violence.'" The bailiff requested the court keep defendant shackled for the duration of the trial.
>
> The court asked defendant's counsel if he wished to be heard and counsel requested that defendant "at least have his hands free" so he could take notes if he so chose. The court then asked defendant for his thoughts on the issue. Defendant replied that prior to a *Marsden*[3] hearing conducted "the other day," counsel had "threatened" him with losing a "two year deal or any kind of deal" if defendant said anything at the *Marsden* hearing regarding a "couple issues that we had." At this point, the court conducted an in camera hearing with defendant and his counsel.
>
> At that hearing, defendant denied making any "threatening" statement to the bailiff regarding his counsel, but admitted saying he "felt uncomfortable with [his counsel] and to be handcuffed some problems might happen." At the conclusion of the hearing, the court determined defendant presented a threat to the parties and ordered that he remain restrained. However, shortly after the parties returned to court, the court ordered defendant's hands

---

[2] Petitioner's habeas petition was also denied, apparently on the grounds that any error in allowing the jury to see petitioner's shackles was harmless beyond a reasonable doubt. Resp't's Lodg. Doc. 7 at 7 n.3.

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

unshackled after defendant promised not do anything to counsel or anyone else in the courtroom.

"A criminal defendant cannot be physically restrained in the jury's presence unless there is a showing of manifest need for such restraints. [Citation.] Such a showing, which must appear as a matter of record [citation], may be satisfied by evidence, for example, that the defendant plans to engage in violent or disruptive behavior in court . . . . A shackling decision must be based on facts, not mere rumor or innuendo." (*People v. Anderson* (2001) 25 Cal.4th 543, 595 (*Anderson*)). An appellate court "will not overturn a trial court's decision to restrain a defendant absent 'a showing of a manifest abuse of discretion.' [Citation.]" (*People v. Wallace* (2008) 44 Cal.4th 1032, 1050.) "'A trial court will not be found to have abused its discretion unless it "exercised its discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice."' [Citation.]" (*People v. Lancaster* (2007) 41 Cal.4th 50, 71.)

Defendant makes the following argument as to why the court abused its discretion in shackling him during trial: "[He was shackled because he] allegedly said that he was going to get violent with his attorney in court that day. [Citation.] Yet, when the court asked [defendant] about the alleged statements, he denied making any threatening statements and explained that he merely told the bailiff that he was afraid that trial counsel might do something harmful to him. [Citation.] [Defendant] never once exhibited any violent or non-conforming conduct, and he made no threats of violence in court that day or on any previous occasions." Defendant's argument fails because it depends upon the trial court's acceptance of his version of the facts over the statements of the bailiff, which is contrary to the rules of appellate review. (*People v. Zamudio* (2008) 43 Cal.4th 327, 342 [appellate court accepts trial court's resolution of disputed facts to the extent they are supported by substantial evidence].)

Here, the bailiff informed the court that during the morning pat-down, defendant had said he was going to "go off on his attorney"; he had thought about it all night and could not control himself; he repeated the threat later in the attorney visiting room; and when informed by the bailiff he would be brought to court shackled, defendant said if he was not shackled there would be violence. At the in camera hearing defendant informed the court that he was "uncomfortable" with his attorney and "some problems might happen." We find nothing arbitrary, capricious, or unreasonable in the court relying on the information provided by the bailiff, a person charged with court security, rather than accepting defendant's assurance that he was not a security risk, particularly when defendant admitted having told the bailiff that he was "uncomfortable" with counsel and if he was not "handcuffed some problems might happen." Accordingly, we reject defendant's contention.

Defendant cites numerous cases where the facts demonstrate a much stronger need for courtroom restraints than do the facts of the

8

> present case.  For example, defendant cites *People v. Kimball* (1936) 5 Cal.2d 608, 611, wherein the defendant had expressed his intention to escape, threatened to injure or kill witnesses, and secreted a lead pipe on his person that was discovered in the courtroom on the first day of trial.  Such cases are of no aid to defendant because they have no logical bearing on whether lesser facts may also give rise to a need for shackling.  In other words, the cases cited by defendant do not set a minimum standard for shackling.  Defendant also cites *People v. Soukomlane* (2008) 162 Cal.App.4th 214 as an example of conduct that did not justify shackling.  However, *Soukomlane* is factually distinguishable because it involved a defendant's rude conduct in the courtroom rather than, as herein, defendant's threats to do violence in the courtroom.  The cases cited by defendant are of no aid to him.

*Gueyger*, 2014 WL 4071328, at **1-3.

After the California Court of Appeal upheld his judgment of conviction, petitioner filed a petition for review, claiming that the trial court's failure to instruct the jury to disregard petitioner's visible restraints constituted prejudicial error.  Resp't's Lodg. Doc. 8.  That petition was summarily denied.[4]  *Id.*

### 2. **Applicable Law**

The Sixth and Fourteenth Amendments to the United States Constitution assure a criminal defendant the right to a fair trial.  *See Estelle v. Williams*, 425 U.S. 501, 503 (1976).  Visible shackling of a criminal defendant during trial "undermines the presumption of innocence and the related fairness of the factfinding process" and "'affront[s]' the 'dignity and decorum of judicial proceedings that the judge is seeking to uphold.'"  *Deck v. Missouri*, 544 U.S. 622, 630-31 (2005) (quoting *Illinois v. Allen*, 397 U.S. 337, 344 (1970)).  *See also Larson v. Palmateer*, 515 F.3d

---

[4] Respondent argues that petitioner's shackling claim is unexhausted because it was not presented to the California Supreme Court in his petition for review or in any other filing, and should therefore be denied.  ECF No. 12 at 7-8.  Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004).  However, an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").  Assuming *arguendo* that petitioner's shackling claim is unexhausted, it still must be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

1057, 1062 (9th Cir. 2008). The Supreme Court has therefore held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck*, 544 U.S. at 629. Those interests include "physical security," "courtroom decorum" and "courtroom security." *Id.* at 624, 628. Accordingly, criminal defendants have "the right to be free of shackles and handcuffs in the presence of the jury, unless shackling is justified by an essential state interest." *Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir. 2002).

Shackling is not unconstitutionally prejudicial per se. *Allen*, 397 U.S. at 343-44; *Duckett v. Godinez*, 67 F.3d 734, 748 (9th Cir. 1995) ("shackling is inherently prejudicial, but it is not per se unconstitutional"). Unjustified shackling does not rise to the level of constitutional error unless the defendant makes a showing that he suffered prejudice as a result. *Ghent*, 279 F.3d at 1132 (citing *United States v. Olano*, 62 F.3d 1180, 1190 (9th Cir 1995) and *United States v. Halliburton*, 870 F.2d 557, 561-62 (9th Cir. 1989)); *see also Larson*, 515 F.3d at 1064 (state trial court's violation of the petitioner's due process rights in requiring him to wear security leg brace during his trial found to be harmless). An unjustified decision to restrain a defendant at trial requires reversal only if the shackles or handcuffs had "substantial and injurious effect or influence in determining the jury's verdict." *Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir. 2004). In the Ninth Circuit, "only the most egregious kind of shackling has been found . . . to deny due process." *Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir. 1991). The Ninth Circuit has also held that the unconstitutional shackling of a defendant "results in prejudice only if the evidence of guilt is not 'overwhelming.'" *Cox v. Ayers*, 613 F.3d 883, 891 (9th Cir. 2010) (shackling not prejudicial where the evidence against petitioner was "overwhelming").

### 3. Analysis

The California Court of Appeal did not engage in an analysis of whether petitioner was prejudiced by the use of shackles because it found that the trial court's use of restraints was justified in light of petitioner's threats to harm his trial counsel if he were not restrained. This court agrees that the use of shackles was justified in this case. Under the circumstances of this

10

1 case, as accurately described by the California Court of Appeal, petitioner's shackling was

2 justified by an essential state interest specific to petitioner's trial; namely, the security of persons

3 in the courtroom in light of petitioner's threats to harm his trial counsel if he were not restrained.

4 Because the trial court did not act unreasonably in ordering that petitioner be partially shackled

5 during trial, this court need not engage in a prejudice analysis. *See Crittenden v. Ayers*, 624 F.3d

6 943 (9th Cir. 2010) (court did not reach the issue of whether the petitioner was prejudiced by

7 shackling because the trial court's decision to permit physical restraints was not unreasonable).

The decision by the California Court of Appeal rejecting petitioner's shackling claim is not contrary or an unreasonable application of United States Supreme Court authority, nor is it "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Accordingly, petitioner is not entitled to federal habeas relief.

### B. Jury Instruction Error

In his next ground for relief, petitioner claims that the trial court violated his right to due process in failing to instruct the jurors *sua sponte* that they must disregard the fact that petitioner had been placed in physical restraints. ECF No. 1 at 4.

#### 1. State Court Decision

The California Court of Appeal denied this claim, reasoning as follows:

> Defendant contends the trial court prejudicially erred when it failed to give a cautionary instruction, *sua sponte*, to disregard the physical restraints, which should have no bearing on the determination of defendant's guilt. We reject defendant's claim.
>
> "Under [*People v.] Duran* [ (1976) 16 Cal.3d 282, 291–292], '[i]n those instances when visible restraints must be imposed the court shall instruct the jury sua sponte that such restraints should have no bearing on the determination of the defendant's guilt.'" (*People v. Lopez* (2013) 56 Cal.4th 1028, 1080.) However, as observed by the Supreme Court in *Anderson, supra*, 25 Cal.4th 543, "[W]e have consistently held that courtroom shackling, even if error, was harmless if there is no evidence that the jury saw the restraints, or that the shackles impaired or prejudiced the defendant's right to testify or participate in his defense." (*Id.* at p. 596.)
>
> Defendant fails to point to anything in the appellate record that shows the jury saw his restraints. Instead, defendant asks us to "assume" the jury was aware of the restraints because he wore leg

> shackles, a waist chain, and was chained to his chair throughout the trial. We decline to make the assumption. For this court to assume a fact not shown by the appellate record violates basic rules of appellate review: "'Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' [Citation.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) "'We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error - it will not be presumed. [Citation.]' [Citations.]" (*People v. Tang* (1997) 54 Cal.App.4th 669, 677.)
>
> Even if the jury was aware of defendant's restraints, the court's error in failing to give the cautionary instruction was harmless beyond a reasonable doubt. Defendant's response to the prosecution's case was that Ellis, Trejo, and Rasmussen should not be believed because they were all homeless and had been drinking large amounts of alcohol that day; Ellis, Trejo, and Rasmussen each had several prior convictions for offenses involving moral turpitude; Ellis failed to give defendant's name to the police when they arrived after he had called 911; and Trejo had a reputation for lying to the police and other homeless people just to start trouble. On appeal, defendant argues that his being visibly shackled gave additional weight to the likelihood that he had committed the violent crime with which he was charged. We are not persuaded.
>
> Defendant never contested that he attacked and stabbed defendant in the neck with the knife. His defense, as argued, was self-defense. Defendant's argument fails to take into account a critical point - that while there was affirmative evidence from Ellis and Trejo that it was defendant who initiated the fight by lunging at Ellis and cutting him with the knife, there was no evidence whatsoever that Ellis tried to make any physical contact with defendant prior to defendant's actions in swinging the knife at Ellis. Accordingly, in the absence of any evidence that Ellis was a threat to defendant, there simply was no basis upon which the jury could find a need for self-defense.[5]
>
> In view of the lack of evidence that Ellis physically instigated the assault, coupled with the instructions on the applicability of self-defense and the definition of evidence the jury was to use in determining guilt, any error in failing to give a cautionary instruction regarding defendant's physical restraint was harmless beyond a reasonable doubt.[6]

---

[5] The jury was instructed that for self-defense to apply, defendant must have "reasonably believed" he was in "imminent danger" of suffering bodily injury or of being unlawfully touched; defendant must have "reasonably believed" the use of force was necessary to defend against the danger; and defendant used "no more force than was reasonably necessary" to defend against the danger.

[6] In conjunction with this appeal, defendant has filed a petition for writ of habeas corpus containing a declaration by his trial counsel that defendant's restraints were visible to the jury. If

12

*Gueyger*, 2014 WL 4071328, at **3-4.

### 2. Applicable Legal Standards

In general, a challenge to jury instructions does not state a federal constitutional claim. *Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely 'undesirable, erroneous, or even "universally condemned,"' but must violate some due process right guaranteed by the fourteenth amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). The appropriate inquiry "is whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). Where the challenge is to a refusal or failure to give an instruction, the petitioner's burden is "especially heavy," because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 15 (1977). *See also Villafuerte v. Stewart*, 111 F.3d 616, 624 (9th Cir. 1997).

Because a failure to give a jury instruction is a trial error, petitioner is entitled to relief only if he can show prejudice. *Dixon v. Williams*, 750 F.3d 1027, 1034 (9th Cir. 2014). Prejudice is shown for purposes of habeas relief if the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). A reviewing court may grant habeas relief only it if is "'in grave doubt as to the harmlessness of an error.'" *Id.* (quoting *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995)).

### 3. Analysis

The California Court of Appeal concluded that even if the trial court erred in failing to instruct petitioner's jury with CALCRIM No. 204, any error was harmless. This court agrees. As explained by the state appellate court, none of the evidence introduced at petitioner's trial supported his defense of self-defense. Specifically, there was no evidence that Ellis did anything

---

true, the court was required to give, sua sponte, a cautionary instruction directing the jury not to consider defendant's restraints as evidence in the case. Nonetheless, we have determined that any such error was harmless beyond a reasonable doubt. We have therefore denied the petition for writ of habeas corpus. (*In re Gueyger* (Aug. 19, 2014, C074289) [petn. den. by order].)

13

before the stabbing that would have caused petitioner to believe he was in imminent danger of suffering injury. Mary Trejo, the only person who appeared to have seen the stabbing, saw petitioner attack Ellis without provocation. She testified that Ellis did not try to defend himself in any way before petitioner stabbed him. Reporter's Transcript on Appeal (RT) at 150. Ellis testified that after petitioner found his knife in Ellis' sock, he immediately grabbed the knife, stepped back, pulled the knife out of its sheath, and lunged at Ellis. *Id.* at 102-03. After Ellis saw the knife coming towards him, he "threw a punch" at petitioner to try to defend himself but did not hit him. *Id.* at 103. Ellis also testified that he did not verbally threaten petitioner or "physically go[] after him in any way" before petitioner lunged at him with the knife. *Id.* at 104-05. On cross-examination, Ellis testified that he "didn't strike first." *Id.* at 133. In light of the overwhelming evidence against petitioner and the lack of any evidence at all to support his defense, the trial court's failure to instruct the jury not to consider petitioner's restraints as evidence of his guilt would not have had a substantial and injurious effect on the verdict in this case. *See Brecht,* 507 U.S. at 637. The conclusion of the California Court of Appeal to the same effect is not objectively unreasonable. *See Towery v. Schriro*, 641 F.3d 300, 307 (9th Cir. 2010) ("When a state court has found a constitutional error to be harmless beyond a reasonable doubt, a federal court may not grant habeas relief unless the state court's determination is objectively unreasonable"). Accordingly, petitioner is not entitled to relief on his jury instruction claim.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 25, 2016.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE